UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BARBARA POND, AS NEXT FRIEND OF J.P., A MINOR. | § § § | |
| v. | § § | CIVIL NO. 5:21-cv-00008 |
| BRAUM'S, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

**COMES NOW**, Barbara Pond, as Next Friend of J.P., a Minor ("Plaintiffs") and files this Original Complaint against Braum's, Inc. ("Defendant") and respectfully shows the Court and Jury as follows:

### I.   PARTIES

1. Plaintiffs are individuals and citizens of the State of Texas.

2. Based upon information and belief, Defendant is a Foreign For-Profit Corporation, with its principal place of business at 3000 NE 63rd Street, Oklahoma City, Oklahoma 73121. Defendant may be served through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 by certified mail, return receipt requested.

### II.   JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the Plaintiffs' claims alleged herein occurred in this jurisdictional district. 28 U.S.C. § 1391.

### III.  FACTS & BACKGROUND

5. J. P.'s date of birth is September 24, 2006. At the time of the incident, J.P. was six years old.

6. On June 1, 2013, J.P. was exiting the women's restroom door, when the restroom door struck her back causing her to fall forward. Plaintiffs allege that the excessive weight of the door caused her to fall forward.  As J.P. fell forward she extended her arms in an attempt to maintain her balance.

7. While in the process of catching herself, the pinch point of the door smashed J.P.'s middle, ring, and pinky finger, which has now, seven years later, caused permanent numbness and scaring of the area where she sustained the injury.

8. Before taken to Titus Regional Medical Center Emergency Room, the onsite manager was allerted of the incident by J.P.'s mother, Barbara Pond.

### IV.  CAUSES OF ACTION

**PREMISES LIABILITY:**

9. The preceding paragraphs are incorporated herein by reference.

10. Plaintiffs contend that they were all business invitees at the time of the injuries described above because they were customers of the Incident Store on the dates described above. Because the Incident Store's business was open to the public, the Defendant owed the Plaintiffs a duty of reasonable care to warn her, and/or make reasonably safe to any unknown dangerous condition, and/or reduce or eliminate any unreasonable risk of harm to Plaintiffs while present in the Incident Store.

11. Plaintiffs would show that the Incident Store was owned and operated by the Defendant, and that Defendant breached the duty of ordinary care owed to the Plaintiffs as business invitees

of the Incident Store. More specifically, Plaintiffs contend that the incident occurred because the Defendant committed various acts or omissions that were a proximate cause of the injuries and damages sustained by Plaintiffs, which include, but are not limited to the following:

a. Creating a hazardous and dangerous environment for Plaintiffs;

b. Failing to make the dangerous condition safe after Defendant knew or should have known that the conditions were unsafe;

c. Negligently failing to warn or give notice to Plaintiffs of any unreasonable risk of harm to Plaintiffs and negligently failing to make reasonably safe to any unknown dangerous condition;

d. Failing to install an appropriate and effective soft-close door damper that would prevent the heavy metal door from slamming shut and causing pinch point injuries and other type of injuries;

e. Configuring the hinge to the right of a person exiting the restroom, which is in the same direction as a person's expected route of travel when exiting the restroom;

f. Failing to install a hinge guard.

**GROSS NEGLIGENCE:**

12.     The wrongful acts and omissions of Defendant as described above is the type of conduct for which the law allows the imposition of exemplary damages in that it constitutes gross negligence. When viewed objectively from Defendant's stand-point at the time of the occurrence, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm of others, and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs. Therefore, Plaintiffs seek exemplary damages from Defendant in amounts to be determined by the tier of fact.

## V.     DAMAGES

13.     As a direct and proximate result of the negligent actions and/or inactions of Defendant, Plaintiffs sustained physical injuries These injuries have caused the Plaintiffs to suffer from the

following damages:

    a. Physical pain suffered during the finger(s) being struck in the pinch point of the door for a period of time;

    b. Physical pain suffered immediately after the door abruptly slamming Plaintiffs' finger(s);

    c. Emotional distress suffered from the date and time of the injury, and for over a period of time after the injury;

    d. Mental anguish sustained in the past and future;

    e. Medical expenses incurred from the date and time of injury, and for following visits after the injury;

    f. Costs of Court.

## VI. EXEMPLARY DAMAGES

14. Plaintiffs seek exemplary damages caused by Defenent's gross negligence and omissions.

Exemplary damages are sought under 15 U.S.C. § 6604(a).

## VII. TRIAL BY JURY

15. Plaintiffs request a trial by jury on all issues set forth herein.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that citation be issued and served request that Defendant be cited to appear and answer and, on final trial, that the Court award Plaintiffs a judgment against Defendant as follows:

    a. Actual damages as set forth above for an amount within the jurisdictional limits of the court;

    b. Exemplary damages as set forth above to the full extent permitted by law;

    c. Pre-judgement and post judgement interest as provided by law;

    d. All other relief, in law and in equity, to which Plaintiffs may be entitled to;

    e. Costs of Court.

| | |
|---|---|
| Date: <u>January 21, 2021</u> | Respectfully Submitted,<br><br>ROACH LANGSTON BRUNO LLP<br><br>By: <u>*/s/ Nelson J. Roach*</u><br>Nelson J. Roach<br>Texas Bar No. 16968300<br>nroach@rlbfirm.com<br>205 Linda Drive<br>Daingerfield, Texas 75638<br>(903) 645-7333 (Telephone)<br>(903) 645-5686 (Fax)<br><br>**ATTORNEY FOR PLAINTIFFS** |